# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **ROBERT LAMONT BURGESS,** | ) | |
| | ) | |
| **Petitioner,** | ) | |
| **v.** | ) | **Civil Action No. 23-1113** |
| | ) | |
| **RANDY IRWIN and BEAVER** | ) | |
| **COUNTY DISTRICT ATTORNEY,** | ) | |
| | ) | |
| **Respondents.** | ) | |

## MEMORANDUM OPINION and ORDER

Robert Lamont Burgess (Petitioner) has filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254, challenging his state court judgment of sentence following his conviction for two counts of first-degree murder, four counts of kidnapping, four counts of false imprisonment, four counts of unlawful restraint, two counts of simple assault, two counts of recklessly endangering another person, burglary, criminal trespass, carrying a firearm without a license, possession with intent to deliver marijuana, conspiracy to commit possession with intent to delver marijuana, and simple possession of marijuana. ECF No. 2. The case was referred to Magistrate Judge Kezia O. L. Taylor in accordance with the Magistrate Judges Act, 28 U.S.C. § 636(b)(1), and Local Civil Rules 72.C and D. Magistrate Judge Taylor issued a Report and Recommendation, filed April 21, 2026, recommending that the Petition for Writ of Habeas Corpus be denied and that a certificate of appealability be denied. ECF No. 31. Petitioner timely mailed his Objections on May 5, 2026, which were then filed on the docket on May 11, 2026. ECF No. 32.

The filing of timely objections requires the district judge to "make a de novo determination of those portions of the report . . . to which objection is made." 28 U.S.C. § 636(b)(1); *Sample v. Diecks*, 885 F.2d 1099, 1106 n.3 (3d Cir. 1989); Fed. R. Civ. P. 72(b)(3).

In doing so, the district court "may accept, reject, or modify, in whole or in part, the findings and recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3). As explained below, the Court finds that Plaintiff's Objections do not undermine the recommendation of the Magistrate Judge.

## I.    Discussion

The factual background and procedural background of this case are presented at length in the Magistrate Judge's Report and will not be repeated here. ECF No. 31, at 2-5. An abbreviated background follows. Petitioner's convictions arose from a plan to illegally obtain marijuana in Texas and have the drugs mailed to Pennsylvania. The person who traveled to Texas to obtain the marijuana for Petitioner decided not to provide the drugs to him and falsely told Petitioner that law enforcement had recovered the drugs from her. Petitioner did not believe her and decided to invade her home and recover the marijuana. On June 30, 2008, Petitioner and his co-defendant entered the home wearing masks and holding guns. On the second floor they encountered the woman who had traveled to Texas, her husband, and their two minor children. Petitioner and his co-defendant escorted the adults to the basement at gunpoint and the tied their arms and legs behind their backs. Petitioner and his co-defendant then escorted the children to the basement and placed them in a furnace room a short distance from their parents. Thereafter, Petitioner and his co-defendant each separately shot and killed one of the parents.

### A. Petitioner's Claims

Petitioner raised two claims of ineffective assistance of counsel in his Petition. First, he claims that counsel was ineffective for failing to raise a sufficiency of evidence claim on direct appeal. Petitioner's trial counsel did assert a sufficiency of the evidence claim to the trial court, but it was unsuccessful. On appeal, trial and appellate counsel conferred and agreed that the

sufficiency of the evidence claim would not be raised on direct appeal to the Pennsylvania Superior Court. Counsel determined that a sufficiency of the evidence claim would not be successful on appeal under the applicable standard of review, which requires the court to view the evidence in favor of the Commonwealth to determine if the conviction was supported by the evidence.

Petitioner also claims that counsel was ineffective for failing to call prospective witness Lamont Street. Trial counsel interviewed Street at the Allegheny County Jail. Counsel testified before the PCRA Court that Street was uncooperative during the interview and told counsel that he did not want to testify. If Street were called to testify, counsel thought he may have provided favorable testimony, but he made the strategic decision not to call him as a witness. Trial counsel weighed the advantages of Street's potentially helpful testimony against trial counsel's concern that, because Street was uncooperative, he could not predict  what Street would say or how he would behave on the stand.  Counsel explained that, in his experience with non-cooperative witnesses, they tend to ack like a "jerk" on the stand.

The PCRA Court determined that, for both claims, counsel was not ineffective. The decision was upheld on appeal. Magistrate Judge Taylor found that the state Court's decision, denying Petitioner's two ineffective assistance of counsel claims, were not contrary to, or an unreasonable application of *Strickland v. Washington*, 466 U.S. 668, 684 (1984), and they were not based upon an unreasonable determination of the facts. Petitioner objects to the Magistrate Judge's recommendation to dismiss both claims.

### B. Petitioner's Objections

### Objection One

Petitioner first objects to the Report's conclusion regarding the sufficiency of the evidence, arguing that the Magistrate Judge failed to conduct an independent examination of the record in comparison with Petitioner's proffered challenges to the sufficiency of the evidence. When reviewing the state court's resolution of Petitioner's claims presented to the PCRA Court, the Magistrate Judge must determine whether the state court's adjudication of Petitioner's claims was contrary to or an unreasonable application of *Strickland*, or whether the state court's decision was based upon an unreasonable determination of the facts. 28 U.S.C. §§ 2254(d)(1) & (2). In such circumstances, the Magistrate Judge is not tasked with determining whether the sufficiency of the evidence supports the convictions. The Magistrate Judge will only conduct a de novo evaluation of the evidence if Petitioner first establishes that the state court's determination is contrary to, or an unreasonable application of, established federal law. *Vickers v. Superintendent Graterford SCI*, 858 F.3d 841, 848-89 (3d Cir. 2017). That did not occur here. Thus, this objection is overruled.

### Objection Two

Petitioner next objects to the Magistrate Judge's reference to a new argument asserted by Petitioner in his Reply Brief. Petitioner appears to be arguing that the Magistrate Judge erroneously determined that the argument he raised about a "botched drug deal" was a new argument not presented to the state court. Petitioner seems to argue that the argument is not new, because he raised it before the state court in a reply brief. Nevertheless, the Court need not analyze this objection as presented, because the Magistrate Judge did not analyze whether the "botched drug deal" was a new argument. Instead, she explained that the "botched drug deal"

argument was a challenge to the weight, not the sufficiency of the evidence, and determining the weight of evidence is a matter committed to the jury. Thus, even if the issue was raised below, it would not have been successful, because it goes to a matter within the sole province of the jury. This objection is overruled.

**Objection Three**

Petitioner objects to the conclusion that the state court's determination, that counsel was not ineffective for failing to call Street as a witness, was not contrary to, or an unreasonable application of *Strickland*. In support, Petitioner points this Court to the relevant portions of his Habeas Petition and Rebuttal to conclude that the "reasoning of the Magistrate falls flat." ECF No. 32, at 7. The Court finds no error in the Magistrate Judge's analysis. This objection is overruled.

**Objection Four**

Finally, Petitioner objects to the denial of a certificate of appealability. In light of the above discussion of Petitioner's objections and considering the Report and Recommendations as a whole, it was not error to recommend denial of a certificate of appealability. This objection is overruled.

**II.    Conclusion**

For the reasons explained above, Petitioner's objections are overruled, The Magistrate Judge's Report and Recommendations will be adopted by the Court. An appropriate Order follows

**ORDER**

After *de novo* review of the pleadings and the documents in the case, together with the Report and Recommendation, the following order is entered:

5

AND NOW, this 8th day of June 2026,

IT IS HEREBY ORDERED that Petitioner's Objections are overruled and the Petition is DENIED.

IT IS FURTHER ORDERED that the Report and Recommendation, ECF No. 31, by Magistrate Judge Taylor, is adopted as the opinion of the Court as supplemented by this Memorandum Opinion.  A certificate of appealability is DENIED, as jurists of reason would not disagree with the analysis of the Report.

IT IS FURTHER ORDERED that pursuant to Rule 4(a)(1) of the Federal Rules of Appellate Procedure, if the petitioner desires to appeal from this Order he must do so within thirty days by filing a notice of appeal as provided in Rule 3, Fed. R. App. P.

__s/*Marilyn J. Horan*_____
Marilyn J. Horan
United States District Court Judge

Robert Lamont Burgess
LU-8573
SCI FOREST
P.O. Box 307
286 Woodland Drive
Marienville, PA 16239